UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RHYDEEM OTTHELLO HUDSON, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL MULLIGAN, et al., <br><br> Defendants. | CAUSE NO.: 3:18CV478-PPS/MGG |

OPINION AND ORDER

Rhydeem Otthello Hudson, a prisoner without a lawyer, filed a complaint (ECF 1) against Kosciusko County Jail Commander Michael Mulligan, Sergeant Shawn Mudd, and the Kosciusko County Sheriff, alleging that he has been discriminated against, subjected to excessive force, and denied adequate medical care while housed at the Kosciusko County Jail. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hudson alleges that, while housed at the Kosciusko County Jail, he has been harassed, called racially derogatory names, and "denied privileges" because of his color. (ECF 1 at 2.) Under the Eighth Amendment, prisoners cannot be subjected to

cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). "An Eighth Amendment claim based on the infliction of psychological pain on an inmate requires (1) objectively, sufficiently serious misconduct, and, (2) subjectively, an intent to wantonly inflict psychological pain for no legitimate purpose." *Snow v. List*, No. 11-CV-3411, 2014 WL 1515613 * 1 (C.D. Ill. April 17, 2014) (*citing Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003)). Standing alone, "[t]he use of derogatory language, while unprofessional and deplorable," is not serious enough to violate the Constitution. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Hudson has alleged mere name-calling. He has not detailed any privileges he was denied. I will not permit him to proceed on this claim because he has not described circumstances so severe as to implicate the Eighth Amendment.

Hudson also alleges that he was denied medical treatment for his depression and anxiety - conditions that have gotten worse because of the treatment he has endured at the Kosciusko County Jail. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). It is unclear if multiple defendants were

2

aware of Hudson's need for mental health treatment.[1] Commander Mulligan, however, was aware that Hudson had requested mental health care. (ECF 1 at 17-18.) At the time this lawsuit was filed, Hudson had been neither evaluated nor treated. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Inmates are not, however, "entitled to demand specific care" or "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Giving Hudson the benefit of the inferences to which he is entitled at this stage of the proceedings, I find that he has stated a claim against Commander Mulligan because it can be plausibly inferred that Hudson was denied necessary mental health treatment and that Commander Mulligan condoned that denial, in violation of the Eighth Amendment.[2]

Additionally, Hudson alleges that he asked to be housed in a mental health facility or dorm, but Commander Mulligan denied his request because it would cost the jail too much money. Generally, prison administrators are afforded wide-ranging deference in managing prisons and deciding where to house inmates. *See Whitley v. Albers*, 475 U.S. 312, 321–22 (1986), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Sandin v. Conner*, 515 U.S. 472, 485 (1995). While Hudson is entitled to

---

[1] The complaint names only three defendants, but Hudson indicates a desire to sue the Kosciusko County Sheriff, Jail Commander Mulligan, and "certain Kosciusko County jail staff which I will name throughout this lawsuit." (ECF 1 at 2.) The body of the complaint includes allegations against several individuals not named as defendants in this action. With regard to this claim, Hudson alleges that he "informed the persons that is [sic] named at the beginning of this lawsuit/complaint that I needed medication due to the high level of anxiety that [he] was experiencing" and that "[t]hey (the persons named above) did not take the proper steps custody wise or medical wise in getting me evaluated and treated and still have yet to do so." (ECF 1 at 5.)

[2] "To show personal involvement, the supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis,* 675 F.3d 703, 708 (7th Cir. 2012) (internal quotation omitted).

adequate treatment of his depression and anxiety, there are no facts alleged in the complaint from which it can plausibly be inferred that Hudson's mental health issues necessitate housing in a specialized facility. Therefore, this does not state a claim.

Hudson further alleges that, on January 12, 2018, Sergeant Mudd and other officers entered his cell while he was washing his hands and, for no apparent reason, grabbed him, choked him, and kneed him. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, I find that Hudson has stated a claim of excessive force against Sergeant Mudd based on the January 12, 2018, incident.

Following that January 12, 2018, incident, Hudson alleges that he received inadequate medical care. On January 15, 2018, Hudson told Sgt. Chad Marsh that he was having severe abdominal and neck pain. The next day, he informed Darcie Meade that he was in pain and needed medical care. But, as of the date he filed this complaint, he continues to be in pain but had not received medical care. Furthermore, Hudson suffers from a hernia, and a specialist has determined that surgery is required. Surgery was scheduled, but the nursing staff cancelled the surgery. While these allegation state a claim, Hudson has not alleged that any defendant named here was responsible for denying him treatment for his severe abdominal and neck pain or for cancelling his

4

surgery. As already explained, under section 1983, defendants are responsible for their own knowledge and actions. *See Burks*, 555 F.3d at 594; *Moore*, 999 F.2d at 1129. Because Hudson has not alleged that any of the defendants named in this lawsuit were responsible for these denials of medical care, he cannot sue them for monetary damages. Nonetheless, because Commander Mulligan is responsible to ensure all inmates at the jail receive adequate medical care, Hudson may proceed on these claims against Commander Mulligan in his official capacity for injunctive relief only.

On April 4, 2018, Hudson alleges that officers entered his cell and injured him when they placed their knees on his back to handcuff him for no apparent reason. Hudson, however, does not allege that any defendant named here was responsible for the alleged use of excessive force. Accordingly, this does not state a claim.

On April, 6, 2018, Hudson had severe back pain from the incident two days earlier. Hudson felt like something in his back was fractured or a nerve was damaged. He spoke with Nurse Angie who indicated that she would give him Tylenol but that he could not see the doctor because the doctor would just give him Tylenol. Given the nature of Hudson's reported injuries, it can plausibly be inferred that he was still in pain when the complaint was filed. Once again, Hudson does not indicate that any defendant named in this lawsuit is personally responsible for the denial of medical care, so he will not be able to recover monetary damages. He will, however, be permitted to proceed against Commander Mulligan in his official capacity for injunctive relief.

Hudson also complains that he was both sanctioned by the jail and prosecuted criminally following each of the alleged incidents of excessive force. Hudson believes

5

this violates the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment "was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." *Green v. United States*, 355 U.S. 184, 187 (1957). The Double Jeopardy Clause, however, does not apply in prison disciplinary hearings. *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996); *Portee v. Vannatta*, 105 Fed. App'x 855, 858 (7th Cir. 2004) (unpublished). Thus, being both sanctioned by the jail and criminally prosecuted for the same conduct does not violate the Double Jeopardy Clause. Should Hudson wish to challenge the jail's imposition of sanctions, he must do that in a separate action seeking habeas relief pursuant to 28 U.S.C. § 2254.

ACCORDINGLY:

(1) Rhydeem Otthello Hudson is GRANTED leave to proceed against Sergeant Shawn Mudd for compensatory and punitive damages for using excessive force against him on January 12, 2018, in violation of the Eighth Amendment;

(2) Rhydeem Otthello Hudson is GRANTED leave to proceed against Commander Michael Mulligan in his individual capacity for compensatory and punitive damages, and in his official capacity for injunctive relief for denying necessary medical care for his depression and anxiety, in violation of the Eighth Amendment;

(3) Rhydeem Otthello Hudson is GRANTED leave to proceed against Commander Michael Mulligan in his official capacity for injunctive relief for denying necessary medical care for his hernia and injuries sustained on January 12, 2018, and April 4, 2018, in violation of the Eighth Amendment;

(4) the Kosciusko County Sheriff is DISMISSED;

(5) all other claims are DISMISSED;

(6) the clerk and the United States Marshals Service are DIRECTED to issue and serve process on Sergeant Shawn Mudd and Commander Michael Mulligan at the Kosciusko County Sheriff's Department with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d);

(7) pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant Shawn Mudd and Commander Michael Mulligan are ORDERED to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 28, 2018.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT